UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVEN MOORER,

    Plaintiff,

v.                                                      Case No. 3:24cv88-MCR-HTC

PENSACOLA FEDERAL COURT HOUSE,

    Defendant.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Cleven Moorer, proceeding *pro se*, is before this Court, yet again, with another frivolous and nonsensical lawsuit,[1] this time naming the "Pensacola Federal Court House" as a defendant. Doc. 1.[2] The complaint should be dismissed because Plaintiff fails to establish this Court has jurisdiction *and*, regardless, the complaint is entirely frivolous.

I. **The Complaint**

As an initial matter, the complaint is largely illegible, incoherent,

---

[1] *See, e.g.*, *Moorer v. Vinson*, 3:21cv84TKW/EMT (a case against Senior District Judge Roger Vinson); *Moorer v. Davis*, 3:21cv583MCR/HTC (a case against Magistrate Judge Miles Davis); *Moorer v. Queen Elizabeth, et al.*, 3:21cv874MCR/HTC (a case against the Queen of England, the British Parliament, and the Vatican for social security payments); *Moorer v. Donald Trump, et al.*, 3:21cv872MCR/HTC (a case against President Trump, the White House, and "[a]ll Presidents and Vice Presidents since 1955" for social security payments); *Moorer v. United States Government*, 3:21-cv-990-MCR-HTC (a case against the US for the same).

[2] Plaintiff has also filed a motion to proceed *in forma pauperis*. Doc. 2.

incomprehensible, and irrational. On the front page of the complaint, Plaintiff named the "Pensacola Federal Court House" as the sole defendant in this case. Doc. 1 at 1. However, on the very next page, in the "Parties" section of the same, under the "Defendant's Name," Plaintiff instead listed "Emily," a "Federal Court Person." *Id.* at 2.

In the "Statement of Facts" Plaintiff writes the following:

> Damaged [unintelligible] Bad Hire at Pensacola Federal Court as the Court was not stuck with me share a courier, For one work 25 years. . . . I was locking in as as [sic] of [unintelligible] prisons [unintelligible] because of my medical & psychiatric condition. The medical records was [sic] kept the wrong way! Short of reality! Legal aid did not keep up as the 192 psychiatric condition so they [unintelligible].

*Id.* 1 at 4–5. Then, in the "Statement of Claims" he simply states, "suicide mission all right." *Id.* at 6. Finally, under "Relief Requested" Plaintiff indicates he seeks "money or [unintelligible] of value." *Id.*

Attached to the complaint form is a 33-page handwritten statement which is nothing more than a rambling, convoluted, stream-of-consciousness hodgepodge of grievances, which, to the extent discernible, are not only nonsensical but also pertain to numerous unrelated events involving various people and entities and spanning over a period of at least 50 years. *See id.* at 9–41. It appears Plaintiff is suing the Court and "Emily" for not paying him: (1) "money for suicide mission" that Emily

hired him for, and (2) his "law suit won money" from case "number 222."[3]  *See id.* at 10–13, 38–41.

## II. Lack of Jurisdiction

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.  *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Federal courts must have one of three types of subject-matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a).  *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).  "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Here, Plaintiff has not stated any facts that would support *any* claim, much less a federal claim or one based on diversity.  Indeed, the courthouse is a building,

---

[3] Plaintiff's prior lawsuits, *see supra,* note 1, were also based on 3:98-cv-222, *Moorer v. Apfel*, and as this Court previously told Plaintiff, he did not win any money or judgment in that case; instead, it was dismissed on the defendant's motion.

Case No. 3:24cv88-MCR-HTC

not a legal entity that is subject to suit. *See, e.g.*, *Holliman v. Dunn*, 2020 WL 13744725, at *3 (M.D. Ala. Oct. 19, 2020).

### III. The Complaint is Frivolous

Even had Plaintiff established this Court's jurisdiction, the complaint is entirely frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (explaining that "clearly baseless" allegations include "allegations that are 'fanciful,' 'fantastic,' and 'delusional,'" or "rise to the level of … irrational or … wholly incredible"). Under Federal Rule of Civil Procedure 8, a complaint, at a minimum, must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P 8(a)(2). "The Supreme Court has explained that a claim for relief must contain *sufficient factual allegations* to cross 'the line between possibility and plausibility.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (emphasis added).

"Related to this is the rule that a district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'"[4] *Id.* (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234

---

[4] Additionally, the Court must dismiss any frivolous cases filed under the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Case No. 3:24cv88-MCR-HTC

(11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims sua sponte). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (internal marks omitted). In this instance, it is clear Plaintiff has failed to plead anything close to approaching an actionable claim.

### IV. Plaintiff's Motion to Proceed *In Forma Pauperis*

As noted above, pending before the Court is also Plaintiff's motion to proceed *in forma pauperis*. "In order to authorize a litigant to proceed in forma pauperis, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). As the Court finds Plaintiff's complaint to be frivolous, he clearly cannot meet the second element of the *in forma pauperis* inquiry. Thus, the District Court "need not reach a determination on the issue of whether [the plaintiff] is unable to pay the costs of commencing this action." *See Young v. Marshall*, 2020 WL 7701517, at *2 (S.D. Ala. Dec. 4, 2020), *report and recommendation adopted*, 2020 WL 7700580 (S.D. Ala. Dec. 28, 2020) (declining

to review plaintiff's motion to proceed *in forma pauperis* because plaintiff lacked standing to bring her asserted claims). Consequently, Plaintiff's motion to proceed *in forma pauperis* is DENIED.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is DENIED.

It is also RECOMMENDED:

1. This case be DISMISSED for lack of subject matter jurisdiction and as frivolous.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 11th day of March, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.